FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY R., <br><br>                Plaintiff, <br><br>    -vs- <br><br> KILOLO KIJAKAZI, Acting <br> Commissioner of Social Security <br><br>              Defendant. | No.    4:22-CV-03105-WFN <br><br> ORDER |

Joy R. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Supplemental Security Income on May 25, 2016, alleging disability beginning on November 1, 2015, due to physical and mental impairments. Tr. 166–73, 631. The application was denied initially, Tr. 62–73, and on reconsideration, Tr. 76–88. Administrative Law Judge [ALJ] Stephanie Martz held a hearing on February 1, 2018, Tr. 34–61, and issued an unfavorable decision on August 8, 2018, Tr. 15–33. The Appeals Council denied review on November 8, 2019. Tr. 1–7. Plaintiff appealed to the district court. Finding the ALJ erred by rejecting Plaintiff's symptom claims for insufficient reasons, the court remanded for further proceedings. Tr. 680–95. ALJ C. Howard Prinsloo held a second hearing on January 13, 2022, Tr. 616, and denied benefits again on May 2,

2022, Tr. 594–607. The ALJ's May 2022 decision is the Commissioner's final decision, 20 C.F.R. § 416.1484, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 17, 2022. ECF No. 1.

## FACTS

Plaintiff was born in 1982 and was 33 years of age as of her alleged onset date. Tr. 39, 424. She completed high school and took some online college courses. Tr. 424. Plaintiff has past work as a cashier, house cleaner, and salesclerk. Tr. 632. She alleges disability based on hip pain, bursitis, iliotibial band pain, scoliosis, obesity, headaches, and mental disorders. Tr. 618–19, 596–98.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 2, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 594–608.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 596.

At step two, the ALJ determined Plaintiff had the following severe impairments: bilateral hip pain/bursitis/iliotibial band pain, scoliosis, and obesity. Tr. 596–99.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 599–600.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she could perform light work "except she can occasionally climb, balance, stoop, kneel, crouch, and crawl." Tr. 600.

At step four, the ALJ found Plaintiff was able to perform past relevant work as a cashier, a housekeeper, and a salesclerk. Tr. 606.

At step five, the ALJ also found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 607. He specifically identified the representative occupations of small-products assembler, marker, and office helper. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 608.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly considering Plaintiff's severe medically-determinable disorders, (2) rejecting Plaintiff's symptom testimony for reasons that are not clear and convincing, (3) improperly evaluating medical opinion evidence, and (4) improperly assessing past relevant work.

## DISCUSSION

### (1) Step Two

Plaintiff argues the ALJ erred by finding her mental disorders and headaches nonsevere. ECF No. 11 at 3–7.

At step two, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 404.1520(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality

that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). Step two is a *de minimis* screening step, and the ALJ may find impairments nonsevere only if the conclusion is clearly established by the medical evidence. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

To evaluate mental impairments the ALJ must consider four broad areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 416.920a. If the claimant's limitations are no more than mild, her impairments are generally not severe. 20 C.F.R. § 416.920a(d)(1).

Here, the ALJ considered the relevant evidence and determined Plaintiff's mental disorders were nonsevere because Plaintiff had no more than mild limitations in any area. Tr. 598–99.

First, the ALJ found Plaintiff had only mild limitation in understanding, remembering, or applying information. Tr. 598. Plaintiff completed school but required special education classes throughout. *Id.* She has particular difficulty in math and science. *Id.* On the other hand, Plaintiff performed well in memory tasks during a 2016 consultative exam where she completed three-step commands and did not demonstrate any significant understanding deficits. *Id.* At an examination in 2020, Plaintiff performed remote and recent memory tasks but struggled with repeat digit span tasks. *Id.* She knew how many quarters were in $2.25 but could not make change for $10.00. *Id.* She could count backwards by three but not by seven. *Id.*

Second, the ALJ found Plaintiff had only mild limitations interacting with others. Tr. 598. In a 2016 examination Plaintiff had fair eye contact and was cooperative. *Id.* Although Plaintiff reported that her husband was her only friend, she did not report any difficulty leaving the house or interacting with others. *Id.* The examiner found Plaintiff had no social

limitations. *Id.* Although Plaintiff reported irritability in public and had a flat affect in 2020, she was engaged and euthymic in treatment visits. *Id.*

Third, the ALJ found Plaintiff had only mild limitations in concentrating, persisting, or maintaining pace. Tr. 598–99. Plaintiff reported sporadic symptoms. Tr. 598. During the consultative examination, Plaintiff followed questions without difficulty or redirection. Tr. 598–99. She also maintained focus and concentration during the evaluation Tr. 599.

Fourth, the ALJ found Plaintiff had no limitations in adapting or managing herself. Tr. 599. Plaintiff cooks, cleans, and does laundry and other household chores. *Id.* She also enjoys videogames. *Id.* Her husband works at night and sleeps during the day leaving her to take care of the two children. *Id.* The ALJ also noted Plaintiff's treatment has been uniformly conservative. *Id.*

Because Plaintiff's limitations were no more than mild, the ALJ found Plaintiff did not have any severe mental impairments. *Id.*

Plaintiff argues this was error because the evidence compels a contrary conclusion. ECF No. 11 at 3–5. The Court disagrees. First, the ALJ properly rejected most of the evidence Plaintiff now cites.[1] Second, although the unrejected evidence *could* support the conclusion that Plaintiff suffers from severe mental impairments, that is not enough to reverse the ALJ's decision. *See Tackett*, 180 F.3d at 1097–98. A reasonable person could conclude the medical evidence clearly establishes that Plaintiff's mental limitations would not significantly limit the performance of basic work activities. Therefore, the Court will uphold the ALJ's determination. *See id.*; 20 C.F.R. § 404.1522(a).

The ALJ also determined Plaintiff's headaches were nonsevere. Tr. 597. Plaintiff reported she has two to three migraines per month that last anywhere from a few hours to four days. *Id.* Plaintiff testified she cannot do anything but rest when she has migraines or headaches. Tr. 627. The ALJ found Plaintiff's headaches were nonsevere because the

---

[1] Plaintiff argues the ALJ erred by rejecting this evidence, ECF No. 11 at 7–20, but, as explained below in sections (2) and (3), the Court disagrees.

evidence was not consistent with Plaintiff's claimed symptoms. The record showed tension headaches, not migraines, that were well-controlled with Baclofen. Tr. 597. Plaintiff denied experiencing negative side effects from that medication and declined further treatment. *Id.*

Plaintiff argues the ALJ erred because the record shows significant headache symptoms, but Plaintiff cites evidence from 2015 and 2016, before her symptoms were controlled with Baclofen. *See* ECF No. 11 at 6–7. Plaintiff's evidence is entirely consistent with the ALJ's conclusion that Plaintiff suffers from tension headaches that are well-controlled with medication. Because the ALJ's conclusion is supported by substantial evidence, the Court will not disturb it. *See Tackett*, 180 F.3d at 1097–98.

**(2) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her subjective symptom testimony. ECF No. 11 at 7–12.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified that she suffered from debilitating hip pain due to bursitis and uneven leg length and that her pain is exacerbated by movement or sitting for long periods of time. Tr. 600, 621–23. According to Plaintiff, she must elevate her legs and put them in a straight position most of the day. Tr. 622. She also testified that depression sometimes

prevents her from getting out of bed and that she can have a hard time getting along with others. Tr. 624–25. Finally, Plaintiff testified she has migraine headaches two or three times per month. Tr. 627. The migraines last anywhere from two hours to four days, and Plaintiff cannot do anything but rest when she has them. *Id.*

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 600–03.

Specifically, the ALJ found that Plaintiff's claimed limitations were inconsistent with her conservative treatment that consisted of over-the-counter anti-inflammatories and intermittent physical therapy. Tr. 603. Plaintiff argues this finding "is not wholly accurate" because Plaintiff was also given a muscle relaxant and a steroid and once was offered a cortisone injection. ECF No. 11 at 9. Defendant counters that these exceptional instances are not typical of Plaintiff's treatment history and do not undermine the ALJ's conclusion. ECF No. 12 at 7. The Court agrees with Defendant. *Cf. Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (affirming ALJ's finding that treatment was conservative overall despite evidence the claimant had undergone surgery).

The ALJ also found the objective evidence did not support Plaintiff's claimed symptoms because, although her gait was antalgic on some examinations, her gait and station were normal on others. Tr. 603. "Her limp was noted to be minimal on casual observation, but markedly exaggerated on formal testing." Tr. 601. Plaintiff points to abnormal findings showing limitations and argues they were inconsistent with the ALJ's conclusion. ECF No. 11 at 8. The Court disagrees. The mere fact that the record could have supported a different conclusion does not mean the ALJ erred. *See Shaibi v. Berryhill*, 870 F.3d 874, 879–90 (9th Cir. 2017). Plaintiff also argues it was insufficient for the ALJ to point to only one instance of a normal gait. ECF No. 11 at 8. Although the ALJ only cited one specific instance, he referred to multiple instances. Tr. 603. That is sufficient, *see Tackett*, 180 F.3d at 1097–98, and Defendant does not offer a post-hoc

rationalization by citing to additional instances of Plaintiff's normal gait, *see Warre v. Barnhart*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006). Finally, Plaintiff's assertion that the ALJ ignored abnormal findings to reach his result is incorrect. *See* ECF No. 13 at 5. The ALJ discussed Plaintiff's medical history extensively, including the abnormal findings, Tr. 601–03, and assessed limitations based on those findings, Tr. 600.

The ALJ also discounted Plaintiff's claims because Plaintiff requested a walker and was told that she did not need one. Tr. 603. Plaintiff argues this was error because, contrary to the ALJ's analysis, it was not inconsistent with Plaintiff's claimed symptoms. ECF No. 11 at 9–10. Defendant does not argue otherwise. *See* ECF No. 12. The Court agrees this was not a proper reason to reject Plaintiff's testimony.

Similarly, the ALJ found Plaintiff's daily activities were consistent with light work because Plaintiff walks for exercise, watches her children, and does house chores. Tr. 603. Plaintiff argues this was error because those activities are not consistent with light work. ECF No. 11 at 10–11. Plaintiff is only able to do chores for thirty to ninety minutes in a day, Tr. 603, and only able to walk one-eight to one-quarter mile, Tr. 601. Her husband helps her with childcare and house chores, Tr. 47–50, 623–24, and the ALJ did not explain which activities specifically could translate to light work, *see* Tr. 603. Because Plaintiff's daily activities were not consistent with the demands of light work, they were not a proper reason for rejecting her claims. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017); *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Although two of the ALJ's reasons for discounting Plaintiff's claims were improper, Plaintiff's conservative course of treatment and the inconsistency of her claims with objective findings were together a sufficient reason to reject her subjective symptom testimony. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). Because there is substantial evidence to support the ALJ's ultimate conclusion, the ALJ did not commit reversable error by also offering two improper grounds for rejecting Plaintiff's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

ORDER - 9

### (3) Medical Evidence

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of Radhika Farwaha, M.D.; Tess Ish-Shalom, D.O.; Irene Varghese, M.D.; Bridget Beachy, Psy.D.; and David Fine, PA-C. ECF No. 11 at 12–20. Plaintiff also alleges the ALJ erred in his consideration of the findings of the Division of Vocational Rehabilitation [DVR]. *Id.* at 19-20.

Because this claim was filed before March 27, 2017, the previous framework for evaluating opinion evidence applies. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. There are three types of physicians under that framework: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but examine the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only for "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

### (a) Radhika Farwaha, M.D.

Dr. Farwaha, a treating source, opined Plaintiff could not stand for more than one hour or bend over and that she would be limited to working no more than ten hours per week. Tr. 465. She also opined those limitations would last six months. Tr. 466. The ALJ gave Dr. Farwaha's opinion little weight because it was inconsistent with treatment notes from that

time period and because Dr. Farwaha expected Plaintiff's condition to last less than the twelve months required for disability. Tr. 604.

Plaintiff argues the ALJ erred by not sufficiently explaining how Dr. Farwaha's opinion was inconsistent with the treatment notes from that time period. ECF No. 11 at 14-15. But the ALJ's explanation is sufficient if his path of reasoning can reasonably be discerned, *see Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012), and that is the case here. The ALJ discussed Plaintiff's normal contemporaneous findings extensively, including Plaintiff's relatively normal range of motion, gait, station, and strength. Tr. 601–03. It is apparent to the Court these are the normal findings the ALJ was referencing. *See Kaufman v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (requiring the Court to consider the ALJ's explanation in the context of the full opinion).

Plaintiff further argues the ALJ erred because Plaintiff's limitations actually did last longer than six months. ECF No. 11 at 15. But that is Plaintiff's interpretation of the evidence. The ALJ was not compelled to accept it. And this Court cannot substitute its own judgment for the ALJ's. *See Tackett*, 180 F.3d at 1097–98. It was not error for the ALJ to reject Dr. Farwaha's opinion because Dr. Farwaha opined Plaintiff's limitations would last less than the period necessary for disability. *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989); *Rebensdorf v. Berryhill*, 773 F. App'x 874, 877 (9th Cir. 2019).

Finally, the ALJ wrote that Dr. Farwaha's opinion was inconsistent with the opinions of Dr. Ish-Shalom and Dr. Varghese without explaining how. Tr. 604. Plaintiff argues this was error because Dr. Farwaha's opinion is not actually inconsistent with Dr. Ish-Shalom's and Dr. Varghese's. ECF No. 11 at 14. Defendant does not argue otherwise. *See* ECF No. 12 at 11–14; ECF No. 13 at 7. Even if this was not a proper reason to reject Dr. Farwaha's opinion, the error is harmless because the ALJ gave other sufficient reasons to discount Dr. Farwaha's opinion. *See Carmickle*, 533 F.3d at 1162.

### (b) Tess Ish-Shalom, D.O.

Dr. Ish-Shalom, a treating source, opined Plaintiff would be limited to light work and could work no more than twenty hours per week. Tr. 557–60. She believed these limitations

would last six weeks. Tr. 558. Dr. Ish-Shalom also opined Plaintiff's depression impacts her short-term memory and ability to work. Tr. 557. The ALJ gave Dr. Ish-Shalom's opinion partial weight because she opined Plaintiff's limitations would last less than the twelve months necessary for disability. Tr. 603. The ALJ also noted that "there is no support for limitation to [twenty] hours per week of work." *Id.* Finally, the ALJ found Dr. Ish-Shalom's opinion regarding Plaintiff's memory unsupported by her own treatment notes. *Id.*

Plaintiff argues the ALJ erred because abnormal findings in the record support Dr. Ish-Shalom's opinion that Plaintiff had memory limitations and could only work twenty hours per week. ECF No. 11 at 15–16. But Dr. Ish-Shalom herself did not explain her conclusions. *See* Tr. 557–60. This was a legitimate reason for the ALJ to discount Dr. Ish-Shalom's opinion. *See* 20 C.F.R. § 416.927(c)(3). It was also appropriate for the ALJ to limit the weight of Dr. Ish-Shalom's opinion because Dr. Ish-Shalom opined Plaintiff's limitations would last only six weeks. Plaintiff asserts the ALJ did not actually discount Dr. Ish-Shalom's opinion for this reason, ECF No. 11 at 16, but the Court reads the ALJ's opinion differently. The ALJ found Dr. Ish-Shalom's opinion had limited applicability to Plaintiff's long-term condition because Dr. Ish-Shalom opined the limitations at issue would last only six weeks. *See* Tr. 601 (noting Dr. Ish-Shalom's opinion that "long-term disability is not appropriate [because] the claimant could have significant improvement").

### (c) Irene Varghese, M.D.

Dr. Varghese's opinion was substantially the same as Dr. Ish-Shalom's. *Compare* Tr. 557–60, *with* Tr. 488–91. The ALJ gave Dr. Varghese's opinion partial weight for the same reasons he gave Dr. Ish-Shalom's opinion partial weight. *See* Tr. 603. And Plaintiff alleges the ALJ committed the same errors in assessing both opinions. *See* ECF No. 11 at 15–16. The Court rejects Plaintiff's arguments regarding Dr. Varghese's opinion for the same reasons it rejects Plaintiff's arguments regarding Dr. Ish-Shalom's opinion.

### (d) Bridget Beachy, Psy.D.

Dr. Beachy opined the claimant's depression and anxiety caused her difficulty concentrating, following instructions, completing job applications, and participating in

ORDER - 12

interviews. Tr. 483–86. She also opined Plaintiff would be limited to working no more than ten hours per week. Tr. 483. Dr. Beachy believed these limitations would last six to twelve months. Tr. 484. The ALJ gave Dr. Beachy's opinion little weight because Dr. Beachy's treatment notes show improvement with treatment, contain no support for the ten-hour per week limitation, and show few findings or problems. Tr. 605. The ALJ also limited the weight of Dr. Beachy's opinion because Dr. Beachy opined only temporary limitations. *Id.*

The ALJ limited the weight of Dr. Beachy's opinion in the 2022 decision, which was issued after remand from the district court, for the same reasons the ALJ limited the weight of Dr. Beachy's opinion in the 2018 decision. *Compare* Tr. 24, *with* Tr. 605. Plaintiff asserts this was error because the Court ordered Defendant to reconsider the medical opinion evidence on remand. ECF No. 11 at 17. The Court disagrees. In the previous remand order, the Court did not fault the ALJ's assessment of Dr. Beachy's opinion. Tr. 693. It held only that the ALJ had improperly rejected Plaintiff's symptom claims. Tr. 692. And because assessment of the medical opinions depended in part on assessment of Plaintiff's symptom claims, the court declined to address Plaintiff's arguments regarding the medical opinions. Tr. 693. Instead, the court instructed the ALJ to reconsider the medical opinions in light of his reconsideration of Plaintiff's symptom claims. *Id.* On remand, the ALJ reconsidered Plaintiff's symptom claims, this time without reversible error, and came to the same conclusion: Plaintiff's symptom claims were not consistent with the evidence in the record. Tr. 600–03. In these circumstances, it is reasonable for the ALJ's treatment of Dr. Beachy's opinion to be basically the same in both opinions.

Next, Plaintiff argues the ALJ erred by finding Dr. Beachy's treatment notes contained few findings or problems because Dr. Beachy's notes show some abnormal results. ECF No. 11 at 17–18. The Court rejects this argument because those abnormal results are based on Plaintiff's subjective reports. *See* Tr. 446, 569, 586. Dr. Beachy did not observe serious symptoms herself. *See id.* And when a physician's opinion is based on subjective complaints that the ALJ has already determined to be unreliable, it is not error to limit the weight of that

opinion. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). It was also sufficient for the ALJ to reject Dr. Beachy's opinion because Dr. Beachy did not herself support the ten-hour per week limitation with explanation. *See* 20 C.F.R. § 416.927(c)(3).

The ALJ also gave little weight to Dr. Beachy's limitations because Dr. Breachy's records noted improvement with treatment. Tr. 605. This too was a legitimate reason to discount Dr. Breachy's opined limitations. Plaintiff argues the record shows episodic mental health limitations, not improvement, and that the ALJ mischaracterizes the record by citing an isolated time where Plaintiff appears to have improved. ECF No. 11 at 18. But because the ALJ's interpretation of the record is reasonable, the Court must uphold it. *See Tackett*, 180 F.3d at 1097–98. The ALJ noted that Dr. Breachy herself opined Plaintiff's symptoms would improve with treatment. *See* Tr. 605 (citing Tr. 484).

### (e) The Division of Vocational Rehabilitation

The DVR found Plaintiff was significantly disabled. Tr. 469–77. According to the DVR, Plaintiff has difficulty standing or walking for long periods and climbing stairs because of her bursitis. Tr. 471, 477. The DVR also found that Plaintiff is easily fatigued and has poor concentration because of her mental health limitations. Tr. 472, 475, 477. The ALJ noted he was not bound by the DVR's findings and rejected them because they were vague and unsupported by citation to specific objective evidence. Tr. 604.

Plaintiff first argues the ALJ erred by citing 20 C.F.R. § 416.904 because that section is effective after March 27, 2017, and Plaintiff filed her claim before that date. ECF No. 11 at 19. The Court disagrees. The ALJ cited both the regulation applicable when Plaintiff filed her claim, and the regulation applicable when the decision was made. Tr. 604. Both regulations indicate the ALJ need not accept the DVR's determination that Plaintiff was significantly disabled. *See* 20 C.F.R. §§ 416.904, 416.927(d). The ALJ did not error by citing both sections.

Plaintiff also argues the DVR's report was neither vague nor unsupported, ECF No. 11 at 19–20, but because the ALJ's interpretation is reasonable, the Court will not disturb it. *See Tackett*, 180 F.3d at 1097–98.

ORDER - 14

### (f) David Fine, PA-C

Mr. Fine, a consultative examiner, opined Plaintiff could stand and walk for four hours in an eight-hour day, for one hour at a time. Tr. 951. The ALJ rejected this opinion because it was inconsistent with Mr. Fine's own findings that Plaintiff had only a slightly shuffling gait, could heel-toe walk and squat three-quarters of the way down, and had normal leg strength. Tr. 604. This was an appropriate basis for discounting Mr. Fine's opinion. *See* 20 C.F.R. § 416.927(f)(1) (stating the ALJ will consider the consistency and supportability of other source opinions). Because the ALJ's decision is supported by substantial evidence, the Court affirms it. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

### (4) Step Four

The ALJ determined Plaintiff had past relevant work as a cashier, housekeeper, and salesclerk. Tr. 606. "Past relevant work is work . . . done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). Plaintiff argues the ALJ erred because Plaintiff has not actually engaged in substantial gainful activity in the last fifteen years. *See* ECF No. 11 at 20–21. Defendant concedes the ALJ erred but argues the error was harmless because the ALJ also found at step five that Plaintiff could perform other jobs that existed in significant numbers in the national economy. *See* ECF No. 12 at 20. The Court agrees with Defendant. Because the ALJ made sufficient alternative findings at step five, the step four error is harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of reversible error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed January 23, 2023, **ECF No. 11**, is **DENIED**.

2. Defendant's Brief, filed March 6, 2023, **ECF No. 12**, is **GRANTED**.

ORDER - 15

1    The District Court Executive is directed to file this Order and provide copies to

2  counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

3    **DATED** this 6th day of July, 2023.

4

5

6  _____

7  06-12-23                                WM. FREMMING NIELSEN
                                SENIOR UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 16